PETER HSIAO (CA SBN 119881)
PHsiao@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

ROBIN S. STAFFORD (CA SBN 200950)
RStafford@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
THE NEWARK GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP, INC.<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DOPACO, INC.; and DOES 1-10,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF** |

Plaintiff The Newark Group, Inc. ("Plaintiff" or "Newark") alleges as follows:

**INTRODUCTION**

1.　　This action arises from the necessity to clean up the toxic contamination of the soil and groundwater of property located in Stockton, California (the "Property"). The contamination was caused by defendant Dopaco, Inc. ("Dopaco") and its predecessors when they operated a printing facility at the property. Dopaco released hazardous waste from underground storage tanks and spilled toxic chemicals at the Property. These hazardous substances have caused and threaten to cause an imminent and substantial endangerment to the environment. Newark has notified the federal and state environmental agencies of the problem. It also notified Dopaco of

the need to address the pending threat.  Dopaco has refused and continues to refuse to take any remedial action.  Newark has filed this action and seeks damages, declaratory relief and an injunction ordering Dopaco to remediate the Property and assume all future liability arising from its contamination.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to section 7002 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.  This Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and cost.  Jurisdiction over the related state claims stated herein falls within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district under 42 U.S.C. § 6972(a) and 28 U.S.C. § 1391, in that the release of hazardous substances and the damage and endangerment caused thereby occurred in this District and the Property that is the subject of this Complaint is located within this District.

4. Newark provided notice of the RCRA endangerment alleged herein in a July 9, 2008 Notice of Intent to file suit sent to: (1) Stephen Johnson, Administrator of the United State Environmental Protection Agency (EPA); (2) Wayne Nastri, EPA Region 9 Administrator; and (3) Mark Leary, Executive Director of the California Integrated Waste Management Board; and (4) Dopaco, Inc.

5. More than 90 days have passed since Newark provided its July 9, 2008 Notice.  Dopaco has not abated the endangerment nor provided any other response.  Neither the EPA nor the State of California has commenced an action to redress this endangerment to the environment.  Moreover, neither the EPA nor the State of California is diligently proceeding with removal or remedial action to address this endangerment.

**PARTIES**

6. Plaintiff THE NEWARK GROUP, INC. is a corporation incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey.

7. Plaintiff is the current owner of the Property.

8. Plaintiff is informed and believes and on that basis avers that Defendant DOPACO, INC. ("Dopaco") is a corporation incorporated under the laws of the State of Pennsylvania. References to Dopaco herein include all entities to which Dopaco is the legal successor.

9. The true names and capacities of the defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when they have been determined.

**GENERAL AVERMENTS**

10. As used in this Complaint, the term "hazardous substance" shall have the meaning provided in 42 U.S.C. § 6903(5).

11. The Property consists of an approximate 45-acre parcel of land located at 800 West Church Street in the City of Stockton, County of San Joaquin, State of California. From 1982 to 1988, Dopaco was a tenant at the Property. It leased the facility from Gold Bond Building Products, who in 1989 sold the property to Newark.

12. While a tenant on the Property, Dopaco operated a printing facility. Dopaco used chemicals, including but not limited to, toluene in its printing operations and stored the chemicals in underground storage tanks and other locations on the Property.

13. Dopaco also used solvents and water-based inks in its container printing operations.

14. Newark conducted an environmental investigation of the Property that revealed that soil and groundwater was contaminated with hazardous substances, including toluene.

15. Toluene and other hazardous substances currently contaminate soil and groundwater at the Property.

1    16.    On November 26, 1985, the California Regional Water Quality Control Board (for the Central Valley Region) issued a Notice of Violation to the former owner of the property, Gold Bond Building Products. The Notice of Violation documented the fact that waste ink and solvents at the Dopaco facility were delivered to tanks via underground conduits. The Notice also confirms that Dopaco was responsible for spilling waste inks, solvents, and red ink at the Property.

17.    While Dopaco owned and/or operated underground storage tanks used for toluene and other solvents, it did not test or obtain an environmental assessment when those tanks were removed.

18.    Each of the Doe defendants is responsible in some manner for the conduct alleged herein.

## FIRST CLAIM FOR RELIEF
### (RCRA)

19.    Newark incorporates by reference the averments contained in paragraphs 1 through 18 above.

20.    RCRA authorizes any person to bring suit against any past or present contributor to the handling, storage, treatment or disposal of solid or hazardous waste that "may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

21.    The Property is a "treatment, storage, or disposal facility" within the meaning and scope of 42 U.S.C. § 6972(a)(1)(B).

22.    Dopaco and each Doe defendant (collectively, "Defendants") are "persons" within the meaning and scope of RCRA, 42 U.S.C. § 6903.

23.    Defendants contributed to the past handling, storage, treatment or disposal of a solid or hazardous waste at the property as those terms are defined in 42 U.S.C. § 6903.

24.    The existing contamination at the property contains "solid waste" or "hazardous waste," as those terms are defined in 42 U.S.C. § 6903.

25.    The releases of hazardous waste or solid waste at the Property due to the activities of Defendants present an imminent and substantial endangerment to the environment.

26. Defendants' actions constitute a violation of RCRA, and the Court should issue an order enjoining and directing Defendants to immediately respond to and clean up the contamination at the Property and pay Plaintiff's attorney's fees, consultant fees, and costs.

## SECOND CLAIM FOR RELIEF

(Continuing Nuisance)

27. Newark incorporates by reference the averments contained in paragraphs 1 through 26 above.

28. Newark is informed and believes, and on that basis avers, that the nuisance created and maintained by Defendants, and their agents, and each of them is a continuing nuisance.

29. Newark is informed and believes and on that basis avers that the toluene contamination persists in soil and groundwater and the Property and has migrated or spread on the Property continuously since it was initially disposed of by Defendants.

30. As a direct and proximate result of Defendants' conduct, as alleged hereinabove, Newark has suffered and is expected to suffer damages in an amount to be proved at trial, but which exceeds $1,000,000.

31. In maintaining the nuisance, Defendants are acting with full knowledge and the consequences and damages being caused to Newark, and Defendants' conduct is willful, oppressive, and malicious. Accordingly, Newark is entitled to punitive damages against Defendants.

## THIRD CLAIM FOR RELIEF

(Continuing Trespass)

32. Newark incorporates by reference the averments contained in paragraphs 1 through 31 above.

33. The continued presence on the Property of the contamination that the Defendants have tortiously placed there, and failed to remove from the Property, constitutes a continuing trespass for the same reasons alleged above with respect to a continuing nuisance.

34. As a direct and proximate result of Defendants' conduct, as alleged hereinabove, Newark has suffered and is expected to suffer damages in an amount to be proved at trial, but which exceeds $1,000,000.

## FOURTH CLAIM FOR RELIEF

(Negligence)

35. Newark incorporates by reference the averments contained in paragraphs 1 through 34 above.

36. Defendants owed Plaintiff's assignor and the public at large a duty not to use, store, maintain, release, dispose, or discharge in a negligent manner on the Property any hazardous substances that would cause injury to the Property or the environment. More specifically, Defendants had a duty:

   a. to exercise due diligence in the operation of their facility, including, but not limited to, the use, storage, and disposal of any wastes or hazardous substances;

   b. to report the existence of any contamination at the Property to the appropriate governmental agencies;

   c. to disclose the existence of any contamination at the Property to any owner of the Property, namely Newark's assignor; and

   d. to remove and remediate all contamination from the Property in full compliance with all federal, state, and local laws and regulations, and in compliance with its common law obligations, and in a manner that did not aggravate, spread, or increase the contamination of the property.

37. Defendants breached their duties by, among other things:

   a. failing to exercise due diligence in the operation of their facility, including, but not limited to, the use, storage, and disposal of any wastes and hazardous substances;

   b. failing to report the existence of contamination at the Property to the appropriate governmental agencies;

   c. failing to disclose the existence of any contamination at the Property to Newark's assignor; and

d.   failing and refusing to remove and remediate all contamination from the Property in full compliance with all federal, state, and local laws and regulations, and in compliance with its common law obligations, and in a manner that did not aggravate, spread, or increase the contamination of the property.

38.   Defendants negligently used, stored, maintained, released, disposed, and discharged toluene in such a manner as to cause contamination of the Property.

39.   Defendants negligently caused the contamination to spread to the groundwater and off-site by not cleaning up the contamination.

40.   As a direct and proximate result of Defendants' conduct, as alleged hereinabove, Newark has suffered and is expected to suffer damages, including diminution in the value of the Property, in an amount to be proved at trial, but which exceeds $1,000,000.

**FIFTH CLAIM FOR RELIEF**

(Negligence Per Se)

41.   Newark incorporates by reference the averments contained in paragraphs 1 through 40 above.

42.   By doing the acts and omissions as alleged hereinabove, Defendants have violated and continue to violate federal, state, and local statutes and regulations, including RCRA.

43.   Defendants acted unreasonably and without regard for the laws of the United States, the State of California, the County of San Joaquin, and the City of Stockton.  Defendants had ample opportunity to comply with these laws, and without justification, failed to do so.

44.   As a direct and proximate result of Defendants' conduct, as alleged hereinabove, Newark has suffered and is expected to suffer damages, including diminution in the value of the Property, in an amount to be proved at trial, but which exceeds $1,000,000.

**PRAYER FOR RELIEF**

**WHEREFORE**, Newark requests the following relief:

1.   A declaratory judgment that Defendants are fully responsible to abate any imminent and substantial endangerment that may be found to exist at the Property;

2. An injunction compelling Defendants to take any and all remedial action necessary to clean up the contamination at the Property;

3. A judgment awarding Newark its costs and disbursements, including reasonable attorney's fees and witness fees;

4. Prejudgment interest on all damages, including diminution of Property value, as authorized by law;

5. Punitive damages; and

6. Such other and further relief as this Court may deem appropriate.

Dated: November 3, 2008

PETER HSIAO
ROBIN S. STAFFORD
MORRISON & FOERSTER LLP

By:  /s/ Peter Hsiao
    PETER HSIAO

Attorneys for Plaintiff
THE NEWARK GROUP