H. CHRISTIAN L'ORANGE (SBN #71730)
christian.lorange@dbr.com
MICHAEL P. PULLIAM (SBN #215435)
michael.pulliam@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street
20th Floor
San Francisco, CA 94105-2235
Telephone:   (415) 591-7500
Facsimile:    (415) 591-7510

Attorneys for Defendant
DOPACO, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOPACO, INC.; and DOES 1-10, <br><br> Defendants. | Case No. 2:08-CV-02623-GEB-DAD <br><br> **DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY AND INJUNCTIVE RELIEF** |

Defendant Dopaco, Inc. ("Dopaco") hereby responds to plaintiff The Newark Group, Inc.'s ("Newark") Complaint as follows. The repetition of the Complaint's subheadings is done solely for organizational purposes and is not an admission as to their truth.

**INTRODUCTION**

1.  This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies any allegations contained in this paragraph pertaining to Dopaco. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which relate to other individuals or entities, and, therefore, denies them.

//

//

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP,
INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

CASE NO. 2:08-CV-0263-GEB-DAD

2. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 2 and therefore denies them.

3. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3 and therefore denies them.

4. Dopaco admits that Newark provided Dopaco with Notice of Intent to file suit. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which relate to other individuals or entities, and, therefore, denies them.

5. Dopaco admits that more than 90 days have passed since Newark provided Dopaco with the Notice of Intent to file suit. Dopaco denies the remaining allegations against Dopaco contained in ¶ 5 as worded. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which relate to other individuals or entities, and, therefore, denies them.

**PARTIES**

6. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 6, which relate to other individuals or entities, and, therefore, denies them.

7. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 7, which relate to other individuals or entities, and, therefore, denies them.

8. Dopaco admits that it is a corporation incorporated under the Laws of the State of Pennsylvania. Inasmuch as the remainder of ¶ 8 purports to set forth a definition for the purposes of the Complaint, no response is required. However, to the extent a response is deemed necessary, Dopaco denies the remaining allegations.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 2 -

CASE NO. 2:08-CV-0263-GEB-DAD

**9.** Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 9, which relate to other individuals or entities, and, therefore, denies them.

### GENERAL AVERMENTS

**10.** Inasmuch as ¶ 10 purports to set forth a definition for the purposes no response is required. However, to the extent a response is deemed necessary, Dopaco denies the allegations in ¶ 10.

**11.** Dopaco admits that at certain times it was a tenant of a portion of the property located at 800 West Church Street in Stockton, California (the "Property"). Dopaco further admits that it leased a portion of the property from Gold Bond Building Products, who later sold the Property to Newark. Dopaco lacks knowledge or information to form a belief as to the truth of the remaining allegations, and, therefore denies them.

**12.** Dopaco admits that it maintained a printing operation on its portion of the property. Dopaco also admits to briefly using toluol (a mixture of toluene and alcohol) in its printing operations. Dopaco further admits that at certain times it stored waste ink in underground storage tanks. Dopaco denies the remaining allegations as worded.

**13.** Dopaco admits using water-based inks in its printing operations. Dopaco further admits to using solvent inks before converting to water-based inks. Dopaco denies the remaining allegations as worded.

**14.** Dopaco admits that Plaintiff has conducted environmental testing that purports to show the presence of toluene and other substances in the soil and groundwater at the Property. Dopaco denies the remainder of the allegations as worded.

**15.** Dopaco admits that Plaintiff has conducted environmental testing that purports to show the presence of toluene and other substances in the soil and groundwater at the Property. Dopaco denies the remainder of the allegations as worded.

**16.** Dopaco admits that the California Regional Water Control Board issued a November 26, 1985 Notice of Violation to Gold Bond Building Products. Dopaco denies the remaining allegations of this paragraph as worded. The Notice of Violation speaks for itself.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP,
INC.'S COMPLAINT FOR COST RECOVERY
SF01/ 616998.1
- 3 -
CASE NO. 2:08-CV-0263-GEB-DAD

17. Dopaco admits that it used two underground storage tanks at certain times but denies the remaining allegations in ¶ 17 as worded.

18. Dopaco lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 18, which relate to other individuals or entities, and, therefore, denies them.

## FIRST CLAIM FOR RELIEF

### (RCRA)

19. In response to ¶ 19 of Plaintiff's Complaint, Dopaco incorporates by reference its responses to ¶¶ 1 through 18, as if fully stated herein.

20. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

21. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

22. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

23. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

24. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

25. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP,
INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 4 -

CASE NO. 2:08-CV-0263-GEB-DAD

**26.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

### FIRST CLAIM FOR RELIEF

### (Continuing Nuisance)

**27.**     In response to ¶ 27 of Plaintiff's Complaint, Dopaco incorporates by reference its responses to ¶¶ 1 through 26, as if fully stated herein.

**28.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

**29.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

**30.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

**31.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

### FIRST CLAIM FOR RELIEF

### (Continuing Nuisance)

**32.**     In response to ¶ 32 of Plaintiff's Complaint, Dopaco incorporates by reference its responses to ¶¶ 1 through 31, as if fully stated herein.

**33.**     This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/ 616998.1

- 5 -

CASE NO. 2:08-CV-0263-GEB-DAD

34. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF

### (Negligence)

35. In response to ¶ 35 of Plaintiff's Complaint, Dopaco incorporates by reference its responses to ¶¶ 1 through 34, as if fully stated herein.

36. This paragraph and its subparts contain legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph and its subparts.

37. This paragraph and its subparts contain legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph and its subparts.

38. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

39. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

40. This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF

### (Negligence Per Se)

41. In response to ¶ 41 of Plaintiff's Complaint, Dopaco incorporates by reference its responses to ¶¶ 1 through 40, as if fully stated herein.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 6 -

CASE NO. 2:08-CV-0263-GEB-DAD

**42.** This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

**43.** This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

**44.** This paragraph contains legal statements or conclusions to which no response is required. To the extent that a response is deemed necessary, Dopaco denies the allegations contained in this paragraph.

## PRAYER FOR RELIEF

**1.** Dopaco denies the allegations set forth in this paragraph.

**2.** Dopaco denies the allegations set forth in this paragraph.

**3.** Dopaco denies the allegations set forth in this paragraph.

**4.** Dopaco denies the allegations set forth in this paragraph.

**5.** Dopaco denies the allegations set forth in this paragraph.

**6.** Dopaco denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

As further and separate affirmative defenses, Dopaco alleges:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state a cause of action against Dopaco.

### SECOND AFFIRMATIVE DEFENSE

In the event Dopaco is held liable to Plaintiff, which liability is expressly denied, and any other parties are also held liable, Dopaco is entitled to a percentage contribution of the total liability from said parties in accordance with principles of equitable indemnity and comparative contribution and/or applicable law.

//

//

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 7 -

Case No. 2:08-CV-0263-GEB-DAD

### THIRD AFFIRMATIVE DEFENSE

Plaintiff unreasonably and inexcusably delayed the commencement and service of the above-entitled action to the prejudice of Dopaco and said action, therefore, is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited pursuant to applicable law regarding limitations of awards, caps on recovery, and setoffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine(s) of waiver, estoppel, ratification, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from claiming damages, if any, because it failed to exercise reasonable care and diligence to mitigate and/or avoid its injuries, losses, and/or damages, which would have prevented or reduced such injuries, losses, and/or damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The entire Complaint, and each cause of action therein, is barred, in whole or in part, to the extent that damages, if any, were caused by the acts or omissions of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Dopaco alleges the sole proximate and/or partial proximate cause of the injuries, losses, or damages claimed was the fault, negligence, breach of contract, and/or strict liability of other defendants, and/or persons, firms or entities not specifically named in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

Dopaco alleges Plaintiff was at fault in and about the matters alleged in the Complaint; that said fault on Plaintiff's own part proximately contributed to the happening of the incidents and the injuries, losses and damages complained of, if any there were; and that should Plaintiff recover any damages, Dopaco is entitled to an offset, to the extent that Plaintiff's fault caused or contributed to Plaintiff's injuries, losses and damages, if any.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 8 -

CASE NO. 2:08-CV-0263-GEB-DAD

### TENTH AFFIRMATIVE DEFENSE

Dopaco alleges the causes of action set forth in the Complaint are, and each of them is, barred by the applicable statute of limitations provisions, and/or of other statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

Dopaco alleges the risks and dangers that allegedly caused Plaintiff's damages as described in the Complaint, if any, were seen, understood and fully known and appreciated by Plaintiff; that all of said risks and dangers were assumed by Plaintiff during all of the times set forth in the Complaint; that Plaintiff voluntarily placed itself in that position, if any such danger or risk did, in fact, exist, and thereby assumed the risk of any and all injuries, losses and damages that might result therefrom, and, therefore, Plaintiff is barred from any recovery which they might otherwise have.

### TWELTH AFFIRMATIVE DEFENSE

Dopaco alleges that other defendants, and/or persons, firms or entities not specifically named in the Complaint agreed to fully indemnify Dopaco, and to hold Dopaco harmless, for all responsibility and liability arising out of the injuries, losses, and damages claimed in Plaintiff's Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Dopaco alleges Plaintiff has failed to join all proper parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Dopaco alleges that at all times mentioned, Plaintiff consented to and/or ratified the acts that allegedly caused the injuries, losses, or damages described in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Dopaco alleges the entire Complaint, and each cause of action thereof, is barred by the doctrine of bad faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

Dopaco alleges that at all times material herein, the premises upon which the alleged injuries occurred were the legal responsibility of other defendants, and/or persons, firms or other entities not specifically named in the Complaint.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 9 -

CASE NO. 2:08-CV-0263-GEB-DAD

### SEVENTEENTH AFFIRMATIVE DEFENSE

Dopaco alleges the injuries resulting, if any, from the use of the products, chemicals or compounds referred to in Plaintiff's Complaint, were not foreseeable to Dopaco, given the state of scientific knowledge and state-of-the-art at the time of the alleged injuries.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Neither the Complaint, nor any purported cause of action alleged therein, states facts sufficient to entitle Plaintiff to an award of punitive damages against Dopaco.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of punitive or exemplary damages in this action. Such an award would be unconstitutional unless Dopaco is accorded the safeguards provided under the Constitutions of the State of California and the United States of America.

### TWENTIETH AFFIRMATIVE DEFENSE

Any and all claims by Plaintiff for exemplary or punitive damages are barred because such recovery would violate Dopaco's right to protection from excessive penalties and fines as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fail to state a claim upon which exemplary or punitive damages can be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Dopaco reserves the right to assert any additional defenses that may be disclosed during the course of additional investigation and discovery or as may become available upon application of different law. Dopaco incorporates by reference all defenses asserted by other defendants to the extent not contained herein.

//
//
//
//
//
//

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP,
INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 10 -

CASE NO. 2:08-CV-0263-GEB-DAD

1  WHEREFORE, defendant Dopaco, Inc. denies that it is liable to Plaintiff and demands judgment in its favor against Plaintiff, dismissing the Complaint with prejudice, and awarding its costs and such other and further relief as is just and proper.

Dated: December 18th, 2008

DRINKER BIDDLE & REATH LLP

By: _____
H. Christian L'Orange

Attorneys for Defendant
DOPACO, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO, INC.'S ANSWER TO THE NEWARK GROUP, INC.'S COMPLAINT FOR COST RECOVERY
SF01/616998.1

- 11 -

CASE NO. 2:08-CV-0263-GEB-DAD