| | |
|---|---|
| 1 | H. CHRISTIAN L'ORANGE (SBN 71730) |
|   | chris.lorange@dbr.com |
| 2 | MICHAEL P. PULLIAM (SBN 215435) |
|   | michael.pulliam@dbr.com |
| 3 | DRINKER BIDDLE & REATH LLP |
|   | 50 Fremont Street, 20th Floor |
| 4 | San Francisco, CA 94105-2235 |
|   | Telephone: (415) 591-7500 |
| 5 | Facsimile: (415) 591-7510 |

Attorneys for Defendant
DOPACO, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP, INC., | Case No. 2:08-CV-02623-GEB-DAD |
| Plaintiff, | **DOPACO, INC.'S OBJECTIONS TO NEWARK'S REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| DOPACO, INC. and DOES 1-10, | Date: August 16, 2010 |
| Defendants. | Time: 9:00 A.M. |
|  | Judge: Hon. Garland E. Burrell, Jr. |
|  | Courtroom: 10 |

---

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO'S OBJECTION TO NEWARK'S REQUEST
FOR JUDICIAL NOTICE

CASE NO. 2:08-CV-02623-GEB-DAD

SF01/ 700999.1

## I.

## INTRODUCTION

Defendant, Dopaco, Inc. ("Dopaco") objects to Plaintiff, The Newark Group, Inc.'s ("Newark") Request for Judicial Notice in Opposition to Dopaco's Motion for Partial Summary Judgment ("Newark's RJN") as follows:

## II.

## OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

Dopaco objects to the following requests:[1]

**REQUEST (1)**: "[T]he City of Stockton has issued an order to Newark instructing it to demolish the property, which will expose workers to the contamination at issue." (Newark's RJN at p. 2.)

**OBJECTION TO REQUEST (1)**: This opinion is not supported by the attached exhibit, is not subject to judicial notice and is not admissible in this action under Rules 201(b), 702 or 703 of the Federal Rules of Evidence.

**REQUEST (2)**: "[M]ethane is a degradation by-product of toluene." (Newark's RJN at p. 2.)

**OBJECTION TO REQUEST (2)**: This assertion is not capable of accurate and ready determination by resort to sources whose accuracy can not reasonably be questioned, is not subject to judicial notice and is not admissible in this action under Rule 201(b) of the Federal Rules of Evidence.

---

[1] In the first, untitled, section of Newark's RJN, Newark "requests that the Court take judicial notice of (1) a Demolition Order issued by the City of Stockton against the property at issue in this litigation, and (2) certain facts contained in scientific documents authored by federal and state environmental agencies concerning the degradation of toluene into methane, and concerning the dangers posed by methane." (Newark's RJN at p. 1.) In the second section of Newark's RJN, Newark requests that the court take notice of the three more clearly stated assertions, referred to by this Objection as Requests (1), (2) and (3). (Newark's RJN at p. 2.) Because Newark confines its argument to the latter three assertions Dopaco will limit its objection to these assertions. In any case, Dopaco does not object to the Court taking judicial notice of the simple existence of the Demolition Order attached to Newark's RJN as Exhibit A.

1 **REQUEST (3)**: "[M]ethane is a flammable gas that poses risks to humans, including explosion and asphyxiation." (Newark's RJN at p. 2.)

**OBJECTION TO REQUEST (3)**: The exhibit attached by Newark in support of this assertion is not an appropriate source whose accuracy can not reasonably be questioned, cannot be the basis for judicial notice and therefore Newark's assertion is not admissible in this action under Rule 201(b) of the Federal Rules of Evidence.

## III.

## ARGUMENT

The Court should decline to consider Newark's Request for Judicial Notice in Opposition to Dopaco's Motion for Partial Summary Judgment ("Newark's RJN") for three reasons. First, the assertion in Newark's Request (1) that the demolition of Newark's Stockton property will expose workers to contamination is not fact but a matter of opinion and is unsupported by the only document offered in support of the request, Exhibit A to Newark's RJN. Second, the assertion in Newark's Request (2) is not a fact that can be readily determined by resort to the technical document attached to Newark's RJN as Exhibit B. Finally, Exhibit C to Newark's RJN is not an appropriate source to support this Court's judicial notice of the assertion in Newark's Request (3).[2]

The Ninth Circuit has consistently held, as Newark points out, that certain types of facts in government publications are the proper subject of judicial notice. However, in each of the cases to which Newark cites, the Ninth Circuit held only that judicial notice of official definitions or regulations, essentially judicial notice of the state of administrative law in the subject area, is proper. *See Oregon Natural Desert Ass'n v. BLM*, 531 F.3d 1114, 1134 (9th Cir. 2008) (taking judicial notice of the Bureau of Land Management's official definition of "wilderness characteristics" in its Land Use Planning Handbook); *Corrie v. Caterpillar*, 503 F.3d 974, 978 n.2 (9th Cir. 2007) (taking judicial notice the Defense Security Cooperation Agency's official

---

[2] Although Newark cites to both Exhibits B and C in support of Requests (2) and (3), the language of Exhibit B relates to Request (2) and the language of Exhibit C relates to Request (3).

guidelines for the financing of arms exports); *Brown v. Valoff*, 422 F.3d 926, 930-31 (9th Cir. 2005) (taking judicial notice of the California Department of Corrections' official human resources regulations).[3] Newark cites no cases approving a request like this, the judicial notice of a scientific conclusion applied to the facts of a case.

**A.     Request (1)**

Newark first requests that the Court take notice that "the City of Stockton has issued an order to Newark instructing it to demolish the property, which will expose workers to the contamination at issue." (Newark's RJN at p. 2.) Newark claims that its assertion "is documented in a Notice and Order of Intent to Abate by Demolition issued by the City of Stockton to Newark on April 27, 2007." (Newark's RJN at p. 2.) However, the referenced document, attached to Newark's RJN as Exhibit A (the "Notice"), speaks only to a proposed demolition due to structural defects. The Notice is entirely silent regarding exposure to workers and indeed does not mention any contamination of the property.

Rule 201(b)(2) of the Federal Rules of Evidence permits judicial notice of a fact only if it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The accuracy of Newark's assertion that the demolition of the Stockton property will expose workers to contamination, cannot be readily determined from a document that does not even mention the contamination at issue much less any possible exposure to workers. Such a conclusion requires specialized knowledge and is not an appropriate subject for judicial notice. *See U.S. v. Decker*, 600 F.2d 733, 739 (9th Cir. 1979) (opinion is not appropriate for judicial notice). The most that the Court could properly take judicial notice of based on the proffered Notice is the fact that on April 27, 2007, the City of Stockton noticed its intent to demolish the Stockton property if its structural defects were not cured. (Newark's RJN at Ex. A.)

---

[3] Other courts have similarly approved of indisputably accurate sources such as dictionaries, *U.S. v. Hilton*, 257 F.3d 50, 55 (1st Cir. 2001), census data, *U.S. v. Bailey*, 97 F.3d 982, 985 (7th Cir. 1996), copyright registrations, *Idema v. Dreamworks, Inc.*, 90 Fed. Appx. 496, 498 (9th Cir. 2003), as appropriate bases for judicial notice.

## B. Requests (2) and (3)

Newark next asks that the Court take judicial notice that "(2) methane is a degradation by-product of toluene, and (3) methane is a flammable gas that poses risks to humans, including explosion and asphyxiation." (Newark's RJN at p. 2.) In support of these assertions, Newark attaches two technical documents. The first is a 1998 report by the Environmental Protection Agency entitled *Monitoring and Assessment of In-Situ Biocontainment of Petroleum Contaminated Ground-Water Plumes* ("EPA Report"). (Newark's RJN at Ex. B.) The second is a 2005 advisory from the California EPA's Department of Toxic Substances Control entitled *Advisory on Methane Assessment and Common Remedies at School Sites* ("DTSC Advisory"). (Newark's RJN at Ex. C.)

The documents proffered by Newark in support of its requests for judicial notice do not represent the type of official agency definition or regulation which the Ninth Circuit has held can be judicially noticed. *See, e.g. Oregon Natural Desert Ass'n*, 531 F.3d at 1134. Rather, the EPA Report is the result of two years of field research on two test sites in Utah (EPA Report at p. ii) while the DTSC Advisory is "provides guidance on investigations and common remedies for school sites **where methane gas is the only chemical of concern present** in subsurface soils" (DTSC Advisory at p. 2, emphasis added).

In Request (2), Newark asks the Court to take judicial notice that "methane is a degradation by-product of toluene." (Newark's RJN at p. 2). The EPA Report is not so clear; rather it states:

> Methanogenic bacteria are a type of specialized archaeobacteria that typically produce methane by reducing carbon dioxide with electrons generated by the oxidation of hydrogen. They exist as strict obligate anaerobes. Methanogens require a redox potential between -350 and -450 mV to be active (Atlas and Bartha, 1987).

EPA Report at 4-31. However, the report further states that Further:

> . . . Fermentative organisms, with the **methanogenic organisms suppressed**, have been shown to be capable of degrading toluene and benzene.
> . . .
> **Toluene, xylene, and benzene do not lead to methane production** in some methanogenic systems (Schink, 1984; Battersby and Wilson, 1989). . . .

EPA Report at 4-32 (emphasis added).

Whether methane is a degradation by-product of toluene is not readily ascertainable from the EPA Report quoted above.  Further, the emphasized language at page 4-32 suggests that toluene might not lead to methane production at all.  The assertion in Newark's Request (2) is not readily ascertainable from the EPA Report and this court should decline to take judicial notice of it under Rule 201(b).

Finally, in Request (3), Newark asks the Court to take judicial notice that "methane is a flammable gas that poses risks to humans, including explosion and asphyxiation." (Newark's RJN at p. 2.)   While the DTSC Advisory does state that methane is flammable, possibly explosive, and poses a risk to humans, the DTSC Advisory is not an official agency definition or regulation that the Ninth Circuit has held to be judicially noticeable.  In fact, the DTSC Advisory opens with the disclaimer that "[t]he information in this advisory should not be considered enforceable or regulatory in nature (i.e., this advisory does not have the force or effect of law)." (DTSC Advisory at p. 1.)  The DTSC Advisory is therefore not a "source[] whose accuracy cannot reasonably be questioned" within the meaning of Rule 201(b) and the Court should decline to take judicial notice of it.

## IV.
## **CONCLUSION**

Based on the foregoing, Dopaco respectfully requests that the Court decline to consider Newark's Request for Judicial Notice in Opposition to Dopaco's Motion for Partial Summary Judgment.

Dated: August 9, 2010      DRINKER BIDDLE & REATH LLP

By: /s/ H. Christian L'Orange
    H Christian L'Orange
    Michael P. Pulliam

Attorneys for Defendant
DOPACO, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DOPACO'S OBJECTION TO NEWARK'S REQUEST FOR JUDICIAL NOTICE — - 5 -    CASE NO. 2:08-CV-02623-GEB-DAD

SF01/ 700999.1