IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THE NEWARK GROUP, | ) | |
| | ) | 2:08-cv-02623-GEB-DAD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DOPACO'S |
| | ) | MOTION TO AMEND THE |
| DOPACO, INC., | ) | SCHEDULING ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Defendant Dopaco, Inc. ("Dopaco") moves for amendment of the final pretrial conference, trial, discovery completion, and last law and motion hearing dates prescribed in the scheduling order. Dopaco argues this motion is based upon The Newark Group's disclosure of "new documents, new expert opinions, new witnesses and a new theory of [Resource Conservation and Recovery Act] RCRA liability predicated upon alleged methane contamination" close to the discovery completion date. (Mot. to Reopen Discovery ("Mot.") 1:22-26.) Dopaco also argues it has been generally diligent in responding to this new information, and not withstanding its diligence it needs more time to litigate this late disclosed information.

        The Newark Group made late disclosure of new methane contamination information close to both the discovery completion and last law and motion hearing dates. Further, Dopaco has demonstrated it has been reasonably diligent in responding to this new information under the unforeseen circumstances in which it was disclosed, and that not withstanding its diligence it has not had sufficient opportunity to

conduct discovery and law and motion concerning this information under deadlines prescribed in the scheduling order. Dopaco has sufficiently shown it was diligent in response to the new methane contamination information to satisfy Federal Rule of Civil Procedure 16's "good cause" standard applicable to amending the scheduling order. See generally Noyes v. Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007)(stating "Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party."); Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) (discussing the need for the movant to diligently seek amendment of the scheduling order when unforeseen circumstances necessitate amendment). Therefore, the final pretrial conference and the trial dates are vacated, and discovery is reopened as follows: Dopaco is authorized to conduct discovery on the newly disclosed evidence, which includes: 1) a site inspection of 800 West Church Street (the "Property"); 2) a deposition of Peter Krasnoff; and 3) a deposition of Joseph Michaud. Further, The Newark Group may conduct a deposition of Dopaco's expert(s) concerning any authorized additional discovery. Any dispute concerning the scope of permissible discovery is referenced to the Magistrate Judge.

A status conference is scheduled to commence at 9:00 a.m. on February 28, 2011. The parties shall file a joint status report fourteen (14) days prior to the status conference, in which they shall propose scheduling dates required to resolve this action.

Dated: November 23, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge