1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THE NEWARK GROUP, INC.,

11            Plaintiff,                    No. CIV S-08-2623 GEB DAD

12        v.

13   DOPACO, INC.,

14            Defendant.              <u>ORDER</u>

15   _____/

16            This case came before the court on April 22, 2011, for hearing on defendant's

17   motion for sanctions or, alternatively, to limit evidence and compel discovery (Doc. No. 135) and

18   defendant's motion regarding sequence of expert depositions (Doc. No. 148).  H. Christian

19   L'Orange, Esq. and Michael P. Pulliam, Esq. appeared for defendant and moving party Dopaco,

20   Inc.  Marc W. Poe, Esq. appeared for plaintiff The Newark Group, Inc.  After hearing extensive

21   argument, the undersigned determined that additional time was needed for consideration of

22   several orders issued by the assigned district judge.  Accordingly, the matter was continued to

23   April 29, 2011, for further hearing.  All counsel who appeared at the April 22, 2011 hearing

24   appeared telephonically at the April 29, 2011 hearing.

25            After hearing additional argument, and having carefully considered the orders

26   filed by the Honorable Garland E. Burrell, Jr. on September 13, 2010 (Doc. No. 117), November

1

24, 2010 (Doc. No. 130), and February 23, 2011 (Doc. No. 134), as well as the transcript of the hearing held by Judge Burrell on November 22, 2010 (Doc. No. 132), the undersigned determined that defendant's motions are in large part meritless.

For the reasons set forth more fully on the record, IT IS ORDERED that:

1.   Defendant's motion for sanctions or, alternatively, to limit evidence and compel discovery (Doc. No. 135) is denied as to sanctions, denied as to limiting evidence, and denied as to defendant's requests for relief Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11; defendant's request for relief No. 3 is granted in part, as set forth below.

2.   In regard to defendant's request for relief No. 3, plaintiff shall produce, on or before May 20, 2011, the documents requested in defendant's deposition notice for Joseph Michaud, to the extent that the requested documents fall within the limited scope of Judge Burrell's order reopening discovery, as interpreted by the undersigned on the record; in addition, the deposition of Joseph Michaud is re-opened solely for the purpose of taking testimony reasonably related to the additional documents produced by plaintiff pursuant to this paragraph; the re-opened deposition shall not exceed three hours in length and shall not impose significant costs on plaintiff and plaintiff's counsel; all parties are urged to limit costs, and if court assistance is needed to resolve issues related to costs, the parties may call Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128 to arrange a telephonic conference.

3.   Defendant's motion regarding sequence of expert depositions (Doc. No. 148) is granted as to defendant's request that Peter Krasnoff's deposition be taken first, subject to the condition that the Krasnoff deposition be completed no later than Friday, May 20, 2011, and also subject to the condition that plaintiff shall produce documents related thereto at least five (5) days prior to the deposition, and shall produce them more than five days prior to the deposition if the documents in question are voluminous.

4.   Plaintiff's request for fee-shifting with regard to defendant's motion for sanctions or, alternatively, to limit evidence and compel discovery is granted pursuant to Federal

1  Rule of Civil Procedure 37(a)(5); defendant shall reimburse plaintiff's counsel in the amount of

2  $5,000.00, with that payment being made within two weeks after April 29, 2011.

3  DATED: May 2, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:kw
   Ddad1/orders.civil/newark2623.oah.042911

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26