IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP,<br><br>        Plaintiff,<br><br>    v.<br><br>DOPACO, INC.,<br><br>        Defendant. | 2:08-cv-02623-GEB-DAD<br><br>ORDER[*] |

Defendant seeks an order under Federal Rule of Evidence ("Rule") 706 to show cause why an expert witness should not be appointed, arguing "without expert assistance, . . . it will be extremely difficult for the Court to decide whether the parties' experts' methodology meets the rigors of *Daubert*, the alleged contamination presents an imminent and substantial endangerment to health or the environment, and whether Dopaco and/or Newark contributed to the alleged contamination." (Def.'s Mot. 3:12-17.) Plaintiff opposes the motion, arguing, *inter alia*, Dopaco's request should be denied since "[t]here are already three expert witnesses to offer opinions on [the triable] issues, and Dopaco provides no compelling reason why the Court should enlist a fourth." (Pl.'s Opp'n 1:14-15.)

Defendant argues that since "the parties' experts seriously

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

disagree on at least six points[,]" the Court should appoint an impartial groundwater engineer "to assist it in (1) evaluating the scientific basis of the parties' experts irreconcilable differences, (2) determining the admissibility of the evidence the parties' experts purport to offer, and (3) evaluating the credibility of those experts." (Def.'s Mot. 3:10-12.) Specifically, Defendant would direct the expert to report on the following issues:

1. The source(s) of toluene detected by AEMC in 1986.
2. Whether the 1986 cleanup of the Property was effective at eliminating any contamination that existed at that time.
3. The source(s) of toluene detected by AGE and MACTEC in 2005.
4. The extent of toluene contamination at the Property.
5. Whether the methane beneath the floor slab at the Property derives from toluene.
6. Whether the methane beneath the floor slab at the Property poses a threat to any Marcor employee.
7. If there is a threat posed to any Marcor employee by methane at the Property, what the process and cost to remediate that threat should be.

Id. 5:21-6:2.

Rule 706(a) prescribes: "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." "Courts have broad discretion to appoint expert witnesses." Sanders v. York, 2011 WL 3152814, at *2 (July 27, 2011). However, "Rule 706 should be invoked only in rare and compelling circumstances." Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd., 558 F.3d 1341, 1346 (9th Cir. 2009); see also Gorton v. Todd, 2011 WL 2557508, at *10 (E.D. Cal. June 29, 2011) ("Expert witnesses are rarely appointed under Rule 706 because the adversary system is usually sufficient to promise accurate factfinding."). "[E]xpert witnesses

should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." <u>Gorton</u>, 2011 WL 2557508, at *9. Defendant has not shown unusual circumstances justifying appointment of an independent expert, since experts are already involved in the case and it is unclear how the referenced expert could provide the Court with additional meaningful assistance. Therefore, Defendant's motion for an order to show cause why an independent expert should not be appointed is DENIED.

Dated:   November 30, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge