IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOPACO, INC. and DOES 1-10, <br><br> Defendants. | 2:08-cv-02623-GEB-DAD <br><br> ORDER |

On March 20, 2012, Plaintiff filed a request "seek[ing] leave to add two additional exhibits to the list of trial exhibits it set forth in the parties' Joint Pretrial Statement." (Pl.'s Mot. 1:24-25.) Defendant filed an objection to the request, arguing that the exhibits "should be excluded as untimely" and that the exhibits at issue, as well as Plaintiff's arguments in support of its request, are inadmissible and irrelevant. (Def.'s Opp'n 1:23-24, 2:1-3, 2:18-21, 3:3-4.)

The Final Pretrial Order states the following concerning exhibits:

> D. Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit. The Court will not permit any such exhibit to be introduced unless it finds:
>
> (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

1

```
                    (2) The Court and counsel were promptly informed of
                    the exhibit's existence; and

                    (3) That the offering party has delivered a copy of
                    the exhibit to opposing counsel, or, if the exhibit
                    may not be copied, that the offering counsel has
                    made   the   exhibit   reasonably   available   for
                    inspection by opposing counsel.
```

(Final Pretrial Order 4:4-16; ECF No. 251.)

Plaintiff argues the proposed exhibits are photos which were taken on March 18, 2012, and "could not have been discovered and offered at the time of the pretrial conference, because this last week of rains is the first substantial rainfall that the City of Stockton has seen since the above-ground portion of the building was demolished." (Pl.'s Mot. 2:22-25.) Further, Plaintiff argues its March 20, 2012 request "promptly disclosed and delivered to both the Court and to opposing counsel" the proposed exhibits. Id. 3:1-2. Defendant counters, only opposing Plaintiff's position on the first factor, arguing "the data from the website [on which Newark relies] shows that Newark has received dozens of days of rain since June 2011 including significant amounts of rain in short periods of time." (Def.'s Opp'n 2:19-21.)

A review of a website referenced in each party's argument indicates that the only rainfall in Stockton from June 2011 to the present occurred as follows: June 28, 2011 (.01 inches); October 4-6, 2011 (.5 inches); October 10, 2011 (.01 inches); November 3, 2011 (.01 inches); November 6, 2011 (.01 inches); November 11-12 (.09 inches); December 15-17 (.16 inches); January 20-24, 2012 (.89 inches); February 7-8, 2012 (.03 inches); February 13, 2012 (.42 inches); February 27-March 1, 2012 (.19 inches); and March 13-17, 2012 (1.20 inches). See Wunderground, History for Stockton, California, June 20, 2011 through March 20, 2012, http://www.wunderground.com/history/airport/KSCK/2011/6/20/CustomHisto

ry.html?dayend=20&monthend=3&yearend=2012&req_city=NA&req_state=NA&req_statename=NA (last visited March 27, 2012). Therefore, since the most substantial amount of rainfall occurred during the time period directly preceding the March 18, 2012 photos, and the only comparable period occurred in January 2012, which was two months after the Final Pretrial Order issued, Plaintiff could not have reasonably discovered these exhibits prior to the pretrial conference.

Further, under Federal Rule of Civil Procedure 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." "The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir.1998), *superseded by statute on other grounds*. Upon consideration of these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).

Concerning the first and second factors, "[a]ny prejudice or surprise to [D]efendant from modification of the Final Pretrial Order is minimal" since these exhibits relate to an existing issue in the case. Xiong v. Lincoln Nat'l Life Ins. Co., 2009 WL 3367487, at *2 (E.D. Cal. Oct. 19, 2009). Further, regarding the third factor, it has not been shown that modifying the Final Pretrial Order "would . . . cause any

3

inconvenience to the efficient and orderly conduct of the trial. While [D]efendant may object to the admissibility of [these exhibits] at trial, such an objection would only have a slight impact on the efficiency of the trial." Id. Finally, as to the fourth factor, there is no evidence of willfulness or bad faith by Plaintiff in seeking to supplement its list of trial exhibits. Therefore, the balance of factors weighs in favor of modifying the Final Pretrial Order.

For the stated reasons, Plaintiff's request to supplement its list of trial exhibits is GRANTED.

Dated:  March 27, 2012

GARLAND E. BURRELL, JR.
United States District Judge