UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEWARK GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOPACO, INC., <br><br> Defendant. | Case No. 2:08-CV-02623-GEB-DAD <br><br> **STIPULATED [PROPOSED] INJUNCTION AND CONSENT DECREE** <br><br> Judge:    Hon. Garland E. Burrell, Jr. |

    Plaintiff The Newark Group, Inc. ("Newark"), and Defendant Dopaco, Inc. ("Dopaco") (collectively, the "Parties"), having stipulated to the issuance of an injunction containing the terms specified below, the Court hereby approves this stipulation and these terms, and pursuant to Fed. R. Civ. Proc. 65, orders and issues the following injunction:

    1.    An area of Newark's property located at 800 W. Church Street, Stockton, California, shall be termed the "Dopaco Area." The Dopaco Area shall be a rectangle bounded on the north by Church Street, on the east by boring number 4 made by Dr. Patrick Lucia in his February 2011 investigation, on the south by a point 20 feet directly south of the former location of the southern-most waste tank, and on the west by a point 20 feet directly west of the former location of the western-most waste tank. The map attached hereto as Exhibit A depicts the location of the Dopaco Area described herein.

2. Dopaco shall be responsible for the toluene located in the Dopaco Area, and toluene which is, or has migrated from the Dopaco area, including remediation of the toluene and any chemicals commingled with the toluene, and any monitoring that is required by the Central Valley Regional Water Quality Control Board (hereafter "Water Board").

3. Within the Dopaco Area, Dopaco shall excavate the source areas of the toluene, and perform any other necessary remedial action sufficient to achieve the clean-up standards of the Water Board for toluene in the soil and groundwater on or emanating from the Dopaco Area.

4. Newark shall provide Dopaco with reasonable access upon reasonable prior notice to perform the investigative and remedial work necessary to accomplish the purposes of the Stipulated Injunction in this case.

5. Dopaco shall contact the Water Board and enter into its voluntary clean-up program, including payment of the Water Board's oversight costs.

6. Dopaco shall comply with the following schedule of work, and provide written notice to Newark at the completion of each of the following tasks, and shall copy Newark on all of its relevant correspondence and documents sent to and from the Water Board. For the purposes of this paragraph, all of the time periods specified below shall start from the date the Court signs this Stipulated Injunction:

    a. Within 30 days, Dopaco shall prepare a work plan for the further investigation of the site and submit that plan to the Water Board for its approval.

    b. Within 90 days, Dopaco shall meet with and obtain the Water Board's approval of the investigative work plan it proposes.

    c. Within nine months, Dopaco shall complete the investigation described in the investigative work plan and submit a proposed remedial work plan to the Water Board for its approval. The remedial work plan shall include a proposal to excavate toluene source areas as part of the remedial action per Paragraph 3 above.

    d. Within 14 months, Dopaco shall meet with the Water Board and obtain its approval of the remedial work plan.

  e. Within 20 months, Dopaco shall complete the remedial work described in the approved work plan and submit a report to the Water Board. Dopaco shall also meet with the Water Board to obtain approval for follow-up, monitoring, or any additional directions for remedial work. Dopaco shall be responsible for the cost of any additional monitoring or remedial work.

  f. Within 36 months, Dopaco shall provide Newark with a "no further action letter" from the Water Board for toluene contamination from the Dopaco Area, or a letter from the Water Board stating that no further remedial action is required other than groundwater monitoring, which Dopaco shall be responsible to pay for. If Dopaco has not satisfied this requirement within 36 months, it shall also pay Newark $50,000 per month on the first day of the 37th month, and on the first day of each month thereafter until this requirement is satisfied. The $50,000 payments shall be capped at an aggregate of $1,000,000 (one million dollars).

7. United States Magistrate Judge Brennan, or if he is unavailable, another United States Magistrate Judge for the Eastern District of California assigned to this matter in his place, shall preside over this Stipulated Injunction, and this Court shall retain jurisdiction to enforce the terms of this Stipulated Injunction.

8. Dopaco may seek to extend the deadlines contained in Paragraph 6 based upon a showing that agency delay beyond Dopaco's reasonable control, or Newark's delay, or an act of God, prevented its performance. The need for additional remediation shall not be a basis for the Court to extend these deadlines.

9. Dopaco, Inc. shall pay $1,200,000 (one million, two hundred thousand dollars) in attorney fees and costs to The Newark Group by April 30, 2012.

10. This Stipulated Injunction is the final, integrated agreement between the Parties to settle this case.

1  IT IS SO ORDERED. *This action shall be closed.*
2  Dated: *April 20*, 2012

   _____
   GARLAND E. BURRELL, JR.
   United States District Judge

6  THE UNDERSIGNED SIGNATORIES represent that they have all necessary authority to
7  agree and enter into this Stipulated Injunction on behalf of their respective party.

8  FOR PLAINTIFF THE NEWARK GROUP, INC.

   _____ Dated: 4/20/12
   David M. Ascher
   Vice President, General Counsel & Secretary
   The Newark Group, Inc.

   Appoved as to Form:

   _____ Dated: April 19, 2012
   Peter Hsiao, Esq.
   Morrison & Foerster LLP
   Counsel for The Newark Group, Inc.

   FOR DEFENDANT DOPACO, INC.

   _____ Dated: April 19, 2012
   Robert F. Hall
   Vice President of Legal Affairs & Secretary
   Cascades, Inc.

   Appoved as to Form:

   _____ Dated: 4/19/2012
   Christian H. L'Orange, Esq.
   Drinker Biddle & Reath LLP
   Counsel for Dopaco, Inc.

# Exhibit A

**Legend**

○ Geosyntec Sample Location
▣ Geosyntec Indoor Air Sample Location
⊕ AGE 2005 Sample Location
⊡ Site Boundary

Notes:
Locations are approximate.
14 June 2010 aerial photograph provided by Google Earth Professional.

Sample Locations
Former Dopaco Leased Property
Stockton, California

Geosyntec▷
consultants

Oakland | February 2011 | Figure 1

TODD ENGINEERS

Attachment 4